57 CCPA

### Application of Thomas N. MELIN.
### Patent Appeal No. 8303.

United States Court of Customs and Patent Appeals.
March 26, 1970.

---

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

Hayden A. Carney, Christie, Parker & Hale, Pasadena, Cal., John A. Finken, Wynne & Finken, Washington, D. C., attys. of record for appellant.

Joseph Schimmel, Washington, D. C., for the Commissioner of Patents. Fred W. Sherling, Washington, D. C., of counsel.

ALMOND, Judge.

This is an appeal from the decision of the Patent Office Board of Appeals affirming the examiner's rejection over prior art under 35 USC § 103 of claim 4 in appellant's application for "Load Handling in Fork-Lift Trucks." [1]

The invention is best illustrated in Fig. 2 of the application:

FIG. 2

[A1376]

Claim 4, with reference numerals from the drawing inserted for explanatory purposes, reads as follows:

4. In a fork-lift truck having a vertically movable carriage including an apron and a pair of spaced substantially fixed lifting fork members, said fork member supporting the respective portions of a load engaged therewith and extended in cantilevered fashion forwardly of the truck from the apron to unsupported ends spaced from the apron, apparatus comprising an elongated cover member [30] for one of the fork members and supported thereby, the cover member including a top plate disposed over and aligned with the length of the one fork member for engaging the adjacent portion of a load supported by the fork members, the cover member having guide means [31] depending from the top plate along each longitudinal edge of the top plate for guiding the cover member in movement along the length of the one fork member, the guide means having opposing surfaces which are spaced apart a distance greater than the width of the one fork member, bearing means [36] mounting the cover member [30] to the one fork member [21] wholly independently of the other fork

1. Serial No. 517,883 filed December 14, 1965 as a continuation of serial No. 426,-482 filed January 15, 1965 as a continuation-in-part of serial No. 401,413 filed October 5, 1964.

member for load bearing guided movement of the cover member along the one fork member towards and away from the fork apron, and cover member moving power means [40] connected between the cover member and the carriage for moving the portion of a load supported by the cover member relative to the portion of the load supported by the other fork member to move the load angularly about a vertical axis through the load.

From the recitations of the appealed claim and the reproduced drawing, it is to be seen that appellant's invention relates to a fort-lift truck wherein at least one of the fork members (21) has a load-bearing cover plate (30) operated outwardly and inwardly by a hydraulic ram assembly (40). The specification discloses that the purpose of the movable cover plate is to align a load such as lumber in a stack.

The references relied upon by the examiner and the Board of Appeals are:

| Lehmann | 2,536,068 | January 2, 1951 |
| Lapham | 2,574,045 | November 6, 1951 |
| Ackermann | 2,756,885 | July 31, 1956 |

Lehmann teaches a fork-lift truck "adapted to carry loads varying in both weight and/or size." The fork members have movable cover plates or outer fork sections provided with separate power elements for simultaneously moving the outer fork sections outwardly and inwardly.

Lapham "relates to, and * * * has for its object the provision of a fork lift truck and a retractable fork therefor." The patent states:

> By selecting the direction of the flow of fluid through the motors * *, the screws * * * can be rotated in either direction to thereby selectively extend or retract either or both of the forks * * *, it being contemplated that the motor * * * for each of the two forks shown, be controlled by its own and independent valve.

To pick up a load on the retractable forks

> * * *, the truck with the forks in their retracted position is advanced to the load, its brakes set, and then the forks are advanced to a position under the load.

Ackermann discloses a platform-lift truck having a carriage supported by wheels on a platform. The carriage has tracks for selectively movable stanchions which carry load manipulating and orienting pusher arms.

In addition to the references relied on below, appellant cites five additional references and asserts that inasmuch as they all relate to fork-lift or fork-type trucks, they are pertinent to the present appeal because they "provide an accurate framework within which to interpret the Lehmann and Lapham references and to define the true scope and content of the pertinent art," and that such scope and content of the prior art is away from the present invention. Appellant asserts that these additional patents were cited either in the prosecution of the parent application or in the final rejection of the claim here on appeal.

Appellant advanced the issue relative to a consideration of "all the prior art of record" in his request for reconsideration. In response thereto and in reaffirming its decision, the board stated that its decision

> * * * was based on a full consideration of all the points raised in appellant's brief and reply brief, and was the result of a determination that the differences between the subject matter sought to be patented and the cited prior art was such that the subject matter as a whole would have been obvious at the time the improvement was made to a person having ordinary skill in the art.

The record is not persuasive that the five additional references were arbitrarily discarded or ignored by the examiner or the board as appellant, at least inferentially, contends. We have examined and considered the teachings of these references. In our view, and apparently in the view of the tribunals below, they are cumulative to the three references relied on by the examiner and the board. As pointed out in the solicitor's brief, the teachings as noted by appellant for three of them are the same as those of Lehmann except for the teaching that the covers for the forks are "rigidly yoked together." The remaining two references describe translatory load movements as does also Ackermann.

Applying the provisions of 35 U.S.C. § 103, the examiner rejected claim 4 as unpatentable over Lapham in view of Lehmann and Ackermann or any "alternative combination" of these references. In essence, the examiner reasoned that it would be obvious to make the lift forks of Lapham of the extensible cover type as taught by Lehmann with covers being independently extensible as in Lapham for orienting a load on the lift truck as taught by Ackermann.

In holding that the claimed subject matter does not define more than what would be obvious to one of ordinary skill in the art with the patents of Lapham, Lehmann and Ackermann before him, the board stated:

> The fork lift truck of Lapham is equipped with an independent valve for control of each motor that shifts a fork and such independent valves would be conducive to operation individually since such operation would be simpler than their simultaneous operation. The Ackermann patent appears to us to make it clear that it is known in the art to orient a load on a lift truck bed plate. Thus, we find that the patent to Lapham makes it obvious to provide the truck of Lehmann with fluid controls for independ-

ent movement of his outer fork sections, or to provide Lapham with the type of extending fork shown by Lehmann.

Appellant has cited an imposing array of cases, thirty in number, which all but run the gamut of patent jurisprudence. We see no necessity to correlate or distinguish the facts here to or from those disclosed in the cited cases or discuss the legal principles which they expound. The determinative issue here is simply and solely whether the subject matter which appellant seeks to patent would have been obvious to a person of ordinary skill in the art under consideration in accordance with 35 U.S.C. § 103.

The essential core of appellant's invention is a cover for a fork member of a lift truck. The cover is movable along the fork member to orient, for purposes of alignment, the load on the fork member. One of ordinary skill in the art would assess the teachings of Lapham disclosing fork members for a lift truck and readily observe that the fork members are power actuated and movable inwardly and outwardly, the movement of each fork being independent of the other. It would appear to have been obvious to one skilled in the operation of the machine or device who found it necessary to correct the alignment of a load on the fork members to selectively move one or both fork members with the independent controls at hand.

Appellant argues that the inherent capability of Lapham's forks to be moved under load transcends the express disclosures of the reference. So assuming, would it not be obvious to the ordinary artisan to resort to a more heavy-duty and stronger design? However, the artisan would have before him the teachings of Lehmann of the extensible cover type of fork as an obvious alternative to the Lapham type. Ackermann would appear to allay any doubt that a fork device with selectively movable arms is adaptable to orient a load.

We are not impressed with appellant's argument that Ackermann is not analogous to the subject matter of claim 4. Claim 4 relates to a fork-lift truck. Ackermann discloses a platform-lift truck. It would seem apparent that those who design and use fork-type lift trucks would be aware of designs and mechanisms which solve common or related problems in the more heavy-duty platform-type lift trucks.

We have assessed appellant's contentions set forth in his brief and the arguments in support thereof, and we are not persuaded of reversible error in the decision of the board holding that the claimed subject matter does not define more than would have been obvious to one of ordinary skill in the art in view of the three references cited and herein discussed. The decision of the board is affirmed.

Affirmed.